1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARTIN REINER,                          Case No.:  21-cv-219-DMS (MSB)

12                             Plaintiff,    **ORDER GRANTING MOTIONS TO**
                                             **DISMISS**
13   v.

14   TANI CANTIL-SAKAUYE, CAROL
     CORRIGAN, GOODWIN LIU, MING
15   CHIN, LEONDRA KRUGER,
     MARIANO-FLORENTINO CUELLAR,
16   MANUEL GRAIWER, GARY KAPLAN,
     SUSAN KAPLAN, RONNIE CAPLANE,
17   CRAIG HOLDEN, BRYAN LEIFER,
     JOHN BARBER, JOHN HAUBRICH,
18   JR., CALIFORNIA STATE BAR,
     STEVEN YEE, STEVE BELILOVE,
19   ROSELY GEORGE, JOHN SEGAL,
     SUZANNE SEGAL, DENNIS PERLUSS,
20   SARAH OVERTON, GREGORY
     ALARCON, MITCHELL BECKLOFF,
21   MARK KIM, VIRGINIA PHILLIPS,
     STEPHEN WILSON, JONATHAN
22   NISSANOFF, M.D., and DOES 1 through
     10, inclusive,
23
                             Defendants.
24
25
26
27
28

1

1    Pending before the Court are three fully briefed motions to dismiss Plaintiff Martin

2    Reiner's Complaint: one filed by Defendants John Barber, John Haubrich, Jr., Craig

3    Holden, and Bryan Leifer, one filed by Defendant California State Bar, and one filed by

4    Defendants Manuel Graiwer, Gary Kaplan, and Susan Kaplan.  For the following reasons,

5    the Court grants the motions to dismiss.

6                                        I.

7                                 BACKGROUND

8    Plaintiff Martin Reiner was admitted to the State Bar of California in 1989.  (Compl.,

9    ECF No. 1, ¶ 38.)  In 2015, disciplinary charges against Plaintiff were filed in California

10   State Bar Court.  *In re Reiner*, Case No. 14-N-06382 (Cal. Bar Ct.).[1]  On November 22,

11   2016, the State Bar Court issued a recommendation that Plaintiff be disbarred.  *In re Reiner*,

12   No. 14-N-06382, 2016 WL 7100490, at *1 (Cal. Bar Ct. Nov. 22, 2016).  The California

13   Supreme Court ordered Plaintiff disbarred on March 22, 2017.  *Reiner on Discipline*, Case

14   No. S239410 (Cal. Mar. 22, 2017).  Plaintiff has been declared a vexatious litigant in the

15   California state courts and in the U.S. District Court for the Central District of California.

16   *See* Prefiling Order—Vexatious Litigant, *Reiner v. Graiwer*, Case No. BC 593351 (Cal.

17   Superior Ct. May 24, 2016); *Reiner v. Graiwer*, No. CV1507577GHKKES, 2016 WL

18   455418, at *1 (C.D. Cal. Feb. 4, 2016).

19   Plaintiff now broadly alleges that Defendants—including the State Bar of California,

20   justices of the California Supreme Court, judges of the California Superior Court, judges

21   of the Central District of California, and various other individuals—engaged in a criminal

22   conspiracy to "professionally discredit[ ] [him] publicly by wrongfully depriving [him] of

23   [his] law license and professional income" and  "wrongfully obstructing [his] access to

24   justice to regain [his] law license."  (Compl. ¶ 39; *see id.* ¶¶ 4–33.)  Plaintiff, proceeding

25   *pro se*, filed this action on February 5, 2021, alleging claims for (1) violations of the

26

27   [1] The Court takes judicial notice of the State Bar's public records on this matter.  *See also*

28   Attorney Profile, Martin Barnett Reiner #144024, STATE BAR OF CALIFORNIA,
     http://members.calbar.ca.gov/fal/Licensee/Detail/144024 (last visited July 15, 2021).

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, (2) violation of 42 U.S.C. § 1983, and (3) "equitable redress and relief."  (Compl. ¶¶ 55–61.) Plaintiff seeks, among other relief, compensatory and punitive damages, restoration of his law license, and a declaration that his vexatious litigant orders are void.  (Compl. ¶ 62.)

The pending motions followed.  In addition to the fully briefed pending motions to dismiss, Defendants Gregory Alarcon, Mitchell Beckloff, Tani Cantil-Sakauye, Carol Corrigan, Mariano-Florentino Cuellar, Mark Kim, Leondra Kruger, Goodwin Liu, Sarah Overton, Dennis Perluss, and John Segal filed a motion to dismiss on June 25, 2021, which motion is currently set for hearing on July 30, 2021.  (ECF No. 63.)  Plaintiff also filed a motion for summary judgment on his equitable redress and relief claim.  (ECF No. 34.) Defendants Manuel Graiwer, Gary Kaplan, and Susan Kaplan further move to declare Plaintiff a vexatious litigant and for sanctions.  (ECF No. 50.)  Defendants Ronnie Caplane, John Barber, John Haubrich, Jr., Craig Holden, Bryan Leifer, Steve Belilove, and Rosely George join in Defendants Manuel Graiwer, Gary Kaplan, and Susan Kaplan's motions. (ECF Nos. 52, 54, 56.)

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Lack of subject matter jurisdiction can be raised at any time by any party or *sua sponte* by the court.  *See Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982).  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although *pro se* pleadings are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

## III.

## DISCUSSION

### A. Plaintiff's Complaint Must Be Dismissed

Upon review of Plaintiff's Complaint, the Court concludes it lacks subject matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine.

"*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). A district court must refuse to hear such a de facto appeal, and "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.* at 1158.

Plaintiff's Complaint challenges his disbarment proceedings, which are state court determinations. *See MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir. 1969) ("[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may

be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court."). Although Plaintiff attempts to recast his claims under RICO, 42 U.S.C. § 1983, and "equitable redress," they are necessarily based in the purported invalidity of the State Bar's decision. Indeed, Plaintiff specifically seeks "an order directing the [State Bar] to fully restore [his] law license." (Compl. ¶ 62.) Federal claims are barred under *Rooker-Feldman* where they are "inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks and citation omitted); *see Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) ("The federal plaintiff is also barred from litigating, in a suit that contains a forbidden de facto appeal, any issues that are 'inextricably intertwined' with issues in that de facto appeal."); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.").

Here, the Court cannot grant Plaintiff the relief he seeks without undercutting the underlying state court decisions. Plaintiff alleges Defendants conspired together to disbar him and have him declared a vexatious litigant. As another district court found in rejecting similar claims, "Plaintiff's injuries were allegedly caused by both a wrongful adjudicative decision and private defendants who conspired with state actors to obtain it. . . . It would be impossible to find that [Defendants] conspired to obstruct justice or deprived Plaintiff of his civil rights . . . without undercutting those prior state court decisions." *Reiner v. Graiwer*, No. CV 15-7577-GHK (KES), 2015 WL 9999191, at *9 (C.D. Cal. Nov. 25, 2015), *report and recommendation adopted*, No. CV1507577GHKKES, 2016 WL 455418 (C.D. Cal. Feb. 4, 2016); *see Dencer v. California State Bar*, No. 216CV03190SVWAJW, 2016 WL 6520140, at *3–5 (C.D. Cal. Oct. 26, 2016), *aff'd*, 713 F. App'x 617 (9th Cir. 2018) (holding *Rooker-Feldman* prohibits subject matter jurisdiction over plaintiff's challenge to state disbarment proceedings and plaintiff's inextricably intertwined § 1983

and conspiracy claims).[2]  The Court rejects Plaintiff's argument that his claims fall within the extrinsic fraud exception to the *Rooker-Feldman* doctrine.  Because Plaintiff's claims are premised on allegedly erroneous court orders, they fall squarely within the *Rooker-Feldman* prohibition.  *See Graiwer*, 2015 WL 9999191, at *9; *Reiner v. Cunningham*, No. WD CV 11-8353-JFW, 2011 WL 5877552, at *3 (C.D. Cal. Nov. 18, 2011), *report and recommendation adopted*, No. CV 11-8353-JFW PJW, 2011 WL 5877549 (C.D. Cal. Nov. 22, 2011).

The Court accordingly agrees with the reasoning of other courts which have held that similar claims by Plaintiff are barred by the *Rooker-Feldman* doctrine.  *See Graiwer*, 2015 WL 9999191 at *7 ("Plaintiff seeks to void the sanctions orders against him and the order revoking his law license, making this cause of action a *de facto* appeal of the judicial rulings upholding those orders."); *Reiner v. California*, 612 F. App'x 473, 474 (9th Cir. 2015) ("The district court properly dismissed Claims 4 and 5 of Reiner's complaint as barred by the *Rooker-Feldman* doctrine because they constituted de facto appeals of prior state court decisions and raised claims inextricably intertwined with the state court decisions."); *Reiner v. Roberts*, 831 F. App'x 522, 523 (D.C. Cir. 2020) (affirming district court's dismissal for lack of subject matter jurisdiction and noting "the *Rooker-Feldman* doctrine is applicable to appellant's claim seeking review of his disbarment by the California Supreme Court").

In sum, Plaintiff's claims are all based in the purported invalidity of his disbarment and thus constitute a de facto appeal of a state court judgment.  *Rooker-Feldman* thus bars Plaintiff's claims for equitable relief as well as his intertwining claims for damages.  *See Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 608 (9th Cir. 2005) (affirming dismissal

---

[2] Plaintiff argues *Rooker-Feldman* does not apply to his federal court vexatious litigant order.  The Court finds that determination is inextricably intertwined with Plaintiff's de facto appeal of his state court decisions.  Even if it were not, the federal judicial defendants are immune from suit.  *See Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

of § 1983 claims as barred by *Rooker-Feldman* where defendant sought injunction and money damages); *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 644 (N.D. Cal. 2007), *aff'd*, 308 F. App'x 176 (9th Cir. 2009) (explaining that once *Rooker-Feldman* applies to bar a de facto appeal, damages claims are also barred if "inextricably intertwined" with the equitable relief sought by the plaintiff).  Because the Court lacks jurisdiction, Plaintiff's Complaint must be dismissed as to all Defendants.

Generally, when a court dismisses a complaint, leave to amend is granted "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citation omitted).  Here, any amendment would be futile because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (where amendment of complaint would be futile, denial of leave to amend is appropriate).  The Court accordingly denies leave to amend.

**B. Vexatious Litigant and Sanctions**

Defendants Manuel Graiwer, Gary Kaplan, and Susan Kaplan, joined by Ronnie Caplane, John Barber, John Haubrich, Jr., Craig Holden, Bryan Leifer, Steve Belilove, and Rosely George, ask the Court to declare Plaintiff a vexatious litigant and for monetary sanctions against Plaintiff.

District courts have the inherent power to enter pre-filing orders against vexatious litigants.[3] *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  "However, such pre-filing orders are an extreme remedy that should rarely be used." *Id.*

---

[3] Pursuant to this inherent power, and the power to enter collateral orders as authorized by statute, "multiple district courts have considered motions to declare plaintiffs vexatious litigants, even after determining that they lack subject matter jurisdiction." *Graiwer*, 2015 WL 9999191 at *10 (collecting cases).

The Court declines to declare Plaintiff a vexatious litigant or to impose sanctions at this time.

## IV.

## CONCLUSION AND ORDER

For the reasons set out above, Plaintiff's Complaint is hereby DISMISSED without leave to amend.  Defendants Manuel Graiwer, Gary Kaplan, and Susan Kaplan's motion to declare Plaintiff a vexatious litigant and motion for sanctions are denied without prejudice.  Plaintiff's pending motion for summary judgment is denied as moot.  The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  July 19, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

21-cv-219-DMS (MSB)