UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN REINER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TANI CANTIL-SAKAUYE, CAROL CORRIGAN, GOODWIN LIU, MING CHIN, LEONDRA KRUGER, MARIANO-FLORENTINO CUELLAR, MANUEL GRAIWER, GARY KAPLAN, SUSAN KAPLAN, RONNIE CAPLANE, CRAIG HOLDEN, BRYAN LEIFER, JOHN BARBER, JOHN HAUBRICH, JR., CALIFORNIA STATE BAR, STEVEN YEE, STEVE BELILOVE, ROSELY GEORGE, JOHN SEGAL, SUZANNE SEGAL, DENNIS PERLUSS, SARAH OVERTON, GREGORY ALARCON, MITCHELL BECKLOFF, MARK KIM, VIRGINIA PHILLIPS, STEPHEN WILSON, JONATHAN NISSANOFF, M.D., and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 21-CV-219 DMS (MSB)<br><br>**ORDER DENYING RULE 60 MOTION FOR RELIEF FROM JUDGMENT** |

Pending before the Court is Plaintiff's motion to set aside the Court's July 19, 2021 Order Granting Motions to Dismiss, pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the following reasons, the motion is denied.

# I.
# BACKGROUND

The factual background in this case is set forth in the Court's July 19, 2021 order. (ECF No. 43.) That order granted Defendants' motions to dismiss and closed the case without leave to amend. On July 27, 2021, Plaintiff filed a Motion to Obtain Relief under Federal Rule of Civil Procedure 60. (ECF No. 79.) Four separate responses in opposition were filed by a majority of the named Defendants (ECF Nos. 82, 83, 85, 86), and Plaintiff filed a reply. (ECF No. 88.)

# II.
# LEGAL STANDARD

Rule 60(b) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, Plaintiff seeks relief pursuant to Rule 60(b)(4) and (6).

Rule 60(b)(4) allows relief from a void judgment. Fed. R. Civ. P. 60(b)(4). This rule applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). A potentially erroneous judgment is not void and a 60(b)(4) motion is not a substitute for an appeal. *Id.* at 270.

Rule 60(b)(6) allows a party to seek relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). The catchall "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). This requires a party to demonstrate he was prevented from properly presenting his case by circumstances beyond his control. *Id.* (internal quotation marks omitted).

## III.
## DISCUSSION

**A. Rule 60(b)(4)**

Plaintiff seeks relief under 60(b)(4) by claiming that the Court's Order Granting Motions to Dismiss is void because it is based on "legally null and void" orders issued in state court and federal court. (ECF No. 79 at 3.) However, relief under 60(b)(4) is limited to (1) jurisdictional issues or (2) due process violations. *United Student Aid Funds, Inc.*, 559 U.S. at 271.

1. Jurisdiction

Plaintiff argues this Court has subject matter jurisdiction over his case, which it has abdicated, because the *Rooker-Feldman* doctrine does not apply here. "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Plaintiff first asserts that the extrinsic fraud exception to the *Rooker-Feldman* doctrine applies because his complaint is based on allegedly illegal acts (ECF No. 79 at 4). The Court already considered and rejected this argument in granting the motions to dismiss. (ECF No. 43 at 6.) Plaintiff further contends that the *Rooker-Feldman* doctrine does not apply here because the state court rulings he seeks to challenge are null and void.

That is not the case. Asking a district court "to declare [a] state court judgment void seeks redress from an injury caused by the state court itself" and is thus "squarely barred by *Rooker-Feldman*." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007). The Court thus lacks subject matter jurisdiction as to the state orders.

Plaintiff also argues that he seeks relief from void federal court orders, which are not covered by the *Rooker-Feldman* doctrine. (ECF No. 79 at 6). However, *Rooker-Feldman* bars federal claims which are "inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks and citation omitted). The federal orders at issue here all derive from the underlying state court decisions, the apex of which was Plaintiff's disbarment by the California Supreme Court. (ECF No. 76 at 2). Without those underlying state orders, the federal proceedings and orders Plaintiff points to would not exist. This includes Plaintiff's attempt to recast his appeal of his disbarment proceedings under RICO, 42 U.S.C. § 1983, and "equitable redress" in the instant case. These issues are thus inextricably intertwined with state court decisions and subject to the *Rooker-Feldman* bar.[1] Therefore, Plaintiff's jurisdictional arguments under 60(4)(b) are unavailing.

///

---

[1] The Court's conclusion again accords with numerous other courts' holdings that similar claims by Plaintiff were barred by the *Rooker-Feldman* doctrine as inextricably intertwined with, and thus de facto appeals of, state court decisions. *Reiner v. California*, 612 F. App'x 473, 474 (9th Cir. 2015) ("The district court properly dismissed Claims 4 and 5 of Reiner's complaint as barred by the *Rooker-Feldman* doctrine because they constituted de facto appeals of prior state court decisions and raised claims inextricably intertwined with the state court decisions."); *Reiner v. Roberts*, 831 F. App'x 522, 523 (D.C. Cir. 2020) (affirming district court's dismissal for lack of subject matter jurisdiction and noting "the *Rooker-Feldman* doctrine is applicable to appellant's claim seeking review of his disbarment by the California Supreme Court").

Due Process

Plaintiff's motion also seems to argue that due process violations arising from the prior state and federal court orders, due to fraud upon the court, render them void. (ECF No. 79 at 4). His reply further alleges the dismissal of his complaint in the instant case violates procedural process by failing to recognize the extrinsic fraud exception to the *Rooker-Feldman* doctrine. (ECF No. 88-1 at 2-3.) However, the Court has already assessed and rejected Plaintiff's argument of fraud upon the court in rejecting that his claims fall within the extrinsic fraud exception. (ECF No. 43 at 6.) Plaintiff has had ample opportunity to be heard and his submissions have been duly considered by the Court. Thus, the Court does not find a due process violation that renders the July 19, 2021 order of dismissal void.

In short, Plaintiff rehashes jurisdictional and due process arguments that he already briefed fully in his Response in Opposition to Motions to Dismiss. (ECF No. 75-1.) Their repetition in the instant motion amounts to an argument that the Court's decision in granting the motions to dismiss was incorrect. However, Rule 60(b)(4) does not provide relief from a potentially erroneous judgment and is not a substitute for appeal. *United Student Aid Funds, Inc.*, 559 U.S. at 270. Accordingly, the Court finds that plaintiff has not demonstrated that the Order Granting Motions to Dismiss is void per 60(b)(4).

**B. Rule 60(b)(6)**

Plaintiff's Rule 60(b)(6) argument also fails. As 60(b)(6) is a catchall provision, relief under that section must be for a reason beyond those elsewhere enumerated by the rule, thus excluding "fraud" which is separately listed under 60(b)(3). Fed. R. Civ. P. 60(b)(3), (6). Rule 60(b)(6) requires "extraordinary circumstances," which were outside the party's control and prevented the party's proper litigation in the case, *United States v. Washington*, 394 F.3d at 1157, which Plaintiff has neither alleged nor demonstrated.

///

///

///

## III.

## CONCLUSION AND ORDER

For the reasons set out above, Plaintiff's motion for relief from judgment under Rule 60 is denied.

**IT IS SO ORDERED.**

Dated:  October 22, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court